[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15768
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20471-JIC-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH JOHNSON, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 11, 2014)

Before HULL, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Joseph Johnson, Jr. appeals his conviction for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Johnson raises two arguments on appeal. First, he argues that the district court erred by barring one of his witnesses from testifying. Second, he argues that the district court violated Federal Rule of Evidence 106 by allowing the government to play an excerpt from a recorded telephone call without other parts that would have provided necessary context. After careful review, we affirm.

I.

We first consider Johnson's argument that the district court erred by excluding the testimony of one of his witnesses, Tuwana Stanley. During the trial, Johnson informed the district court that Stanley was an eyewitness to a previous altercation he had with government witness Detective Hector Aleman. Stanley's testimony would establish motive and bias, according to Johnson, because Detective Aleman had used excessive force during the encounter and later charged Johnson with battery on a law enforcement officer. But the district court excluded the evidence, finding that the previous altercation between Johnson and Detective Aleman was "collateral," and thus extrinsic evidence on the subject would be barred.

We review a district court's evidentiary rulings for abuse of discretion. United States v. Bradley, 644 F.3d 1213, 1270 (11th Cir. 2011). Federal Rule of

2

Evidence 608(b) generally prohibits a party from introducing extrinsic evidence of prior misconduct merely to impeach the general credibility of a witness. However, "extrinsic evidence which contradicts the material testimony of a prior witness is admissible." United States v. Calle, 822 F.2d 1016, 1021 (11th Cir. 1987) (quotation marks omitted). For example, "[t]he self-interest of a witness, as opposed to the witness' general character for veracity, is not a collateral issue." Id.

An erroneous evidentiary ruling, however, will result in reversal only if the error was not harmless. United States v. Hands, 184 F.3d 1322, 1329 (11th Cir. 1999). We need not reverse a conviction if the error "had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict." United States v. Fortenberry, 971 F.2d 717, 722 (11th Cir. 1992). We determine whether the error had substantial influence on the outcome by weighing the record as a whole, examining the facts, the trial context of the error, and any prejudice created by the error against the strength of the evidence of the defendant's guilt. See Hands, 184 F.3d at 1329.

With these principles in mind, we need not decide whether the district court misapplied Rule 608(b) by excluding Stanley's testimony because any error resulting from that error was harmless. To begin with, the government presented testimony from a number of police officers who observed Johnson in possession of a gun. Detective Brandon Ashe was the first officer who noticed Johnson

3

approaching a car with what looked like a firearm protruding from his waistband. When Johnson entered the car, Detective Ashe asked surrounding police units to stop the car. As the police approached, Johnson fled, and Detective Ashe and his partner Detective Kevin Thomas both saw Johnson pull the firearm from his waistband and drop it on the ground, where Sergeant John Methvin testified that he secured and recovered the gun. Detective Ashe and Detective Thomas then apprehended Johnson, searched him, and discovered a gun holster in his waistband. Detective Ashe testified that Johnson later told him, "[Y]ou know how it is out here, I got to protect myself."

Equally important, the testimony of Detective Aleman did not play a substantial role in the government's case. Detective Aleman did not chase or catch Johnson, nor was he responsible for recovering Johnson's gun. Instead, he arrived on the scene after Johnson had already fled, searched the vehicle that Johnson had briefly entered, and recovered two additional guns as well as a container of bullets. Based on the overwhelming evidence of Johnson's guilt and the relative insignificance of Detective Aleman's testimony, the exclusion of Stanley as a witness was harmless.

## II.

We next consider Johnson's argument that the district court violated Federal Rule of Evidence 106 by allowing the government to play an excerpt from a

4

recorded jail telephone call without requiring other excerpts from the call to be heard for context. At trial, Johnson called a witness named Torrance Lawton, who testified that he did not see a gun on Johnson's body or in his pants the day he was arrested. On cross examination, Lawton denied that Johnson or Johnson's codefendant Cynthia Bryan had ever told him to testify that the police had planted guns on Johnson during the arrest.

On rebuttal, the government sought to impeach Lawton's credibility by introducing a recorded phone conversation between Johnson, Lawton, and Johnson's codefendant and girlfriend Cynthia Bryan. Johnson responded that Rule 106 required also playing portions of the same phone call where Johnson and Bryan were speaking to one another because they show that Johnson was not asking Lawton to lie on the stand. Rather, Johnson had an honest belief that the police had planted guns on him on the day of the arrest. The district court disagreed and allowed the government to simply play the portions of the telephone call in which Johnson and Bryan were on the line asking Lawton to come to court and testify.

When one party "introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time." Fed. R. Evid. 106. However, "Rule 106 does not automatically make

the entire document admissible." United States v. Langford, 647 F.3d 1309, 1330 (11th Cir. 2011) (quotation marks omitted). "Rather, the rule permits introduction only of additional material that is relevant and is necessary to qualify, explain, or place into context the portion already introduced." Id. (quotations marks omitted); see also Haygood v. Auto-Owners Ins. Co., 995 F.2d 1512, 1516 (11th Cir. 1993) ("The obvious import of the rule is to allow a party to put a statement in context where, without the context, the meaning would be distorted."). As with most other evidentiary rulings, we review the district court's Rule 106 determinations for a clear abuse of discretion. See Langford, 647 F.3d at 1319, 1331.

Based on this record and our deferential standard of review, Johnson's Rule 106 challenge misses the mark. Johnson does not point us to any portion of the phone call that was misleading or distorted in isolation. He merely argues that other statements Johnson made to Bryan would have clarified that he was not asking Lawton to lie on the stand. But the portion of the phone call played to the jury already established Johnson's honest belief in his innocence. Indeed, the jury heard Johnson tell Bryan to relay this message to Lawton:

> Let him know that them folks, man, they threw that [] in [my] lap. They threw them two pistols in [my] lap . . . trying to plant the evidence . . . And he was in the car to see it for hisself [sic] . . . They throw them in [my] lap. They threw it in my lap.

We also observe that the district court admitted the entire section of the phone call where Lawton was on the line speaking to Johnson and Bryan, and excluded only

6

portions in which Johnson and Bryan were exclusively speaking to one another. Thus, the jury had a complete picture of Lawton's perspective during the phone call, which would have allowed for a proper evaluation of his credibility. Even if we would have decided this issue differently, we cannot say that the district court abused its discretion by admitting the entirety of Johnson and Bryan's statements to Lawton, while excluding Johnson and Bryan's statements to one another. See Gray ex rel. Alexander v. Bostic, 720 F.3d 887, 893 (11th Cir. 2013) ("The abuse of discretion standard usually implies a range of choices, instead of only one right choice, and often we will affirm even though we would have decided the other way if it had been our choice." (quotation marks omitted)).

## III.

For these reasons, we affirm Johnson's conviction.

**AFFIRMED.**